```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF RHODE ISLAND
```

```
                              :
                              :
IN RE HOWARD LISNOFF          :         MC 10-25 S
                              :
                              :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Motion to Expunge ("Motion to Expunge" or "Motion") filed by Howard Lisnoff ("Mr. Lisnoff") pro se. The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, I recommend that the Motion be denied and that this action be dismissed for failure to state a claim on which relief may be granted.

**Discussion**

By the Motion, Mr. Lisnoff seeks to have "the F.B.I. record of [his] arrest for desertion from the U.S. Army, made during July 1973 in Cranston, Rhode Island[] ... expunged." Motion at 1. In support of this request Mr. Lisnoff states:

> Following my arrest, I was discharged from the U.S. Army "under honorable conditions." That discharge was granted in October 1973, and I was never found guilty of the charge of desertion in a military court. In addition, I have never been charged or found guilty of any other crime, either civil or criminal, in any court of law in the United States. I have successfully worked at a number of jobs over a period of about forty years; however, recently, when I applied for work with the U.S.

>Census Bureau for the 2010 census, the Census Bureau held up my application for work due to the F.B.I. record until I supplied a copy of my discharge from the military. A similar situation took place when I applied for certification as a teacher in Florida in 2005. In that case, I was forced to wait for months to become certified and cleared by the teacher certification board in that state.
>
>I believe that the existence of the F.B.I. record continues to place an und[ue] burden on my status as a citizen of the United States and as a working member of my community. I respectfully petition the court to expunge that record.

Motion at 1.

After researching the matter, the Court concludes that the Motion cannot be granted for the following reasons. First, the Motion is procedurally improper. Mr. Lisnoff cannot obtain the relief he seeks by means of a motion filed in this Court because there is no record in this Court to expunge. A motion to expunge can only be filed in the case which resulted in the criminal record which is sought to be expunged. Stated somewhat differently, if Mr. Lisnoff had been prosecuted in this Court, there would be a court record of that prosecution and a motion seeking to expunge the record could be filed in that case.[1] However, Mr. Lisnoff was not prosecuted in this Court so there is

---

[1] It bears noting that the granting of a motion to expunge would expunge the record(s) in this Court. It would not necessarily expunge "the F.B.I. record." Motion at 1; cf. Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 699 (5th Cir. 1997)(holding that in order to have standing to seek expungement of records "outside the sphere of the court's own record," the party seeking expungement must assert an affirmative violation of constitutional or statutorily created rights by government actors holding the records).

nothing in this Court to expunge.

Second, assuming that it is possible to obtain the expungement of the F.B.I. record at issue,[2] such action would require that Mr. Lisnoff bring a lawsuit against the Federal Bureau of Investigation and/or appropriate governmental officials seeking such relief.  Cf. Varona Pacheco v. Federal Bureau of Investigation, 456 F.Supp. 1024, 1028 (D.P.R. 1978)(finding that the FBI, the Attorney General of the United States, and the Director of the FBI were proper parties in an action brought by a plaintiff under the Freedom of Information and Privacy Act, 5 U.S.C. § 552(a)(4)(B), seeking the production of FBI records pertaining to plaintiff and his activities).  Mr. Lisnoff has not and cannot do this by filing a motion.  A civil action is

---

[2] It is by no means clear that such relief can be obtained.  The Fifth Circuit has described the authority of a federal court to expunge as a "privilege ... of exceedingly narrow scope," Rogers v. Slaughter, 469 F.2d 1084, 1085 (5th Cir. 1972); cf. Varona Pacheco v. Federal Bureau of Investigation, 456 F.Supp. 1024, 1035 (D.P.R. 1978) (holding that FBI's Central Record System ("CRS") is exempt from amendment under the Privacy Act of 1974 and dismissing portion of plaintiff's complaint which sought amendment of information in CRS). The Sixth Circuit has held that unless the FBI violated a duty which it owes to a person, such as contravening its regulations in some manner, the FBI has not injured the person and the mere existence of an inaccuracy in the FBI criminal files is not sufficient to state a claim of constitutional injury.  Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980)(citing Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155 (1976)). Taking an even more restrictive view, the Seventh Circuit has held that in the absence of congressional authority, federal courts have no jurisdiction to order expungement of executive branch records.  United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993).  Even those Circuit Courts that have recognized an inherent equitable power to order expungement, relief is usually granted only in "extreme circumstances."  Study v. United States, No. 3:08cv493/MCR/EMT, 2010 WL 1257655, at *11 (N.D. Fla. Mar. 4, 2010)(citing cases).

commenced by "filing a complaint with the court." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 3; see also Allen v. Russian Federation, 522 F.Supp.2d 167, 194 (D.D.C. 2007)("the filing of a 'complaint' commences a lawsuit")(quoting Fed. R. Civ. P. 3). In addition, the action must comply with all statutory and procedural requirements. Cf. McNeil v. Internal Revenue Service, No. 2:08-cv-02432 MCE KJN PS, 2010 WL 703058, at *1 (E.D. Cal. Feb. 25, 2010)(recommending that action be dismissed because plaintiff failed to establish that the United States had waived its sovereign immunity). As an example of only one of the multiple requirements that apply to such a lawsuit, the defendant(s) must have notice of the action and the opportunity to respond to it. Thus, even if the instant Motion were the proper vehicle for obtaining the relief which Mr. Lisnoff seeks, there is no indication that he has made the FBI, the Attorney General of the United States, and the U.S. Attorney for the District of Rhode Island aware of the Motion and the request for relief that it contains.

    Third, it is at least questionable whether this Court is the proper court in which Mr. Lisnoff should be seeking relief. He is a resident of Massachusetts and the headquarters of the FBI is located in the District of Columbia. The only apparent connection which this Court has to his request for relief is that he was arrested in Cranston, Rhode Island. However, as already

noted, there is no record in this Court of that arrest, and the record which he seeks to have expunged is presumably located in the headquarters of the FBI in Washington, D.C.  Accordingly, before filing an action in this Court, Mr. Lisnoff should consider whether he might obtain the same relief in the United States District Court for District of Massachusetts which presumably would be a more convenient forum for him.

Lastly, in an effort to assist Mr. Lisnoff and to help him gauge the likelihood of obtaining the relief if he files a civil action, the Court reproduces on the following pages an except from the recent decision in Study v. United States, No. 3:08cv493/MCR/EMT, 2010 WL 1257655 (N.D. Fla. Mar. 4, 2010). The plaintiff in Study alleged that his FBI identification record included a conviction and sentence under the Federal Youth Correction Act (which statute provided for automatic set-aside of his conviction upon service of his sentence) and inaccurate information that he was convicted of armed bank robbery.  Id. at *3.  He also alleged that the inaccurate information had been disseminated by local officials in Indiana at a press conference. Id.  Claiming that his rights under the Privacy Act,[3] the federal regulations implementing that statute,[4] and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments had been violated,

---

[3] See 5 U.S.C. § 552(a); 28 U.S.C. § 534.

[4] See 28 C.F.R. §§ 20.01-20.38.

5

plaintiff sued.  Id.  In rejecting his claims, the Study court compared the facts which he alleged with those which other courts had deemed sufficiently extreme to warrant expungement from criminal history records.  Id. at *12.

The cases cited which denied relief were:

> Geary [v. United States], 901 F.2d 679 [8th Cir. 1990] (district court did not abuse its discretion in denying, without evidentiary hearing, petition for expungement of all criminal records concerning petitioner's arrest and acquittal on bank robbery charge 13 years earlier; in petition for expungement and memorandum in support of expungement, petitioner failed to offer any information suggesting existence of additional extenuating circumstances which would make his case sufficiently unusual or extraordinary to warrant expungement); [United States v.] Schnitzer, 567 F.2d 536 [2nd Cir. 1977](defendant's allegation that retention of arrest record, following dismissal of indictment which did not concede defendant's innocence of the charge, would create problem because he was rabbinical student and may be asked to explain circumstances surrounding his arrest, did not present a harsh or unique situation with potential for harm within narrow bounds of class of cases where expungement of arrest record may be declared appropriate); [United States v.] Linn, 513 F.2d 925 [10th Cir. 1975] (where defendant's arrest was lawful, pursuant to indictment returned by duly constituted grand jury, charges set forth in indictment were lawful ones not subject to any constitutional infirmity, there was no government harassment, trial judge held there was sufficient incriminating evidence against defendant to require submission of at least nine counts to jury, and jury acquitted defendant of all nine counts, defendant was not entitled to expungement of arrest record, notwithstanding acquittal); United States v. Carson, 366 F.Supp.2d 1151 (M.D. Fla. 2004)(defendant not entitled to expungement where there was no assertion of lack of probable cause for arrest, and defendant's assertion of hardship or need for expungement was somewhat speculative and insufficient to outweigh law enforcement considerations); United States v. Howard, 275 F.Supp.2d 260 (N.D.N.Y. 2003) (defendant's unsupported claim that he would not be eligible for police employment as a

>     result of arrest record for falsely assuming and pretending to be an officer and employee acting under the authority of the United States, did not require expungement of arrest records even though indictment was dismissed); United States v. Gillock, 771 F.Supp. 904 (W.D. Tenn. 1991) (defendant, former state senator convicted of various crimes in connection with sale of computer equipment to state and county agencies, was not entitled to have criminal record expunged on ground that it operated as barrier to further professional and individual growth as ordained minister, particularly in light of fact that expungement would have removed some of deterrent phase of record); United States v. Singleton, 442 F.Supp. 722 (S.D. Tex. 1977)(expungement of arrest records of police officers and one retired police officer who were arrested for illegal wiretapping but acquitted on all charges was matter for Congress, not for court, where movants did not introduce sufficient factual evidence presenting unusual facts to warrant departure from general rule that power to expunge an arrest record is narrow and should not be routinely used whenever criminal prosecution ends in acquittal but should be reserved for the unusual or extreme case and where each movant had and still had exemplary reputation in both general community and law enforcement community); Coleman v. United States, 429 F.Supp. 411 (N.D. Ind. 1977) (mere fact that person is not convicted on charges for which he was arrested does not automatically entitle subject of arrest record to expungement of that record); Hammons v. Scott, 423 F.Supp. 618 (N.D. Cal. 1976) (California arrestee, who was released from incarceration when charges were dropped, was not entitled to expungement of arrest record on ground that maintenance and dissemination of arrest records of persons who are not convicted of and do not plead guilty or nolo contendere to any crime arising from the arrest is violative of right of privacy, due process and presumption of innocence); United States v. Rosen, 343 F.Supp. 804 (S.D.N.Y. 1972) (even where a person has been acquitted of charges against him, arrest records and other materials of identification may be retained unless there is statute that directs return of such records, arrest was unlawful, or record of the arrest is the "fruit" of illegal seizure)[.]

Study v. United States, 2010 WL 1257655 at *12.

The cases cited which granted relief were:

7

> United States v. Van Wagner, 746 F.Supp. 619 (E.D. Va. 1990) (expungement appropriate where government conceded that indicted defendant was actually innocent after dismissing charges, and defendant proved he was suffering economic hardship because of record); United States v. Johnson, 714 F.Supp. 522 (S.D. Fla. 1989) (expungement of arrest record appropriate where Johnson was not convicted or acquitted by a jury, but court directed acquittal on ground of no probable [cause] for arrest for charged crime, and Johnson would experience hardship because he was ready to accept employment and leave the country with his family, and "negative mark" of arrest record would likely jeopardize potential employment); Natwig v. Webster, 562 F.Supp. 225 (D.R.I. 1983) (expungement of arrest record from FBI files appropriate where plaintiff had been arrested on extortion charge but never indicted, and arrest record might jeopardize plaintiff's planned emigration to Australia); United States v. Bohr, 406 F.Supp. 1218 (E.D. Wis. 1976)(expungement of arrest record appropriate where indictment was dismissed 11 years earlier and defendant attorney was seeking to join another state's bar; United States did not oppose the motion or assert law enforcement need to keep records); Menard v. Saxbe, 498 F.2d 1017 (D.C. Cir. 1974)(FBI must expunge information from its criminal file when local agency which first reported information to FBI later reported information disputing accuracy of original information); [United States v.] Benlizar, 459 F.Supp. 614 [D.D.C. 1978] (record of overturned drug conviction under FYCA ordered expunged because defendant had no prior record and made strong showing of entrapment).

Study v. United States, 2010 WL 1257655 at *12.

### Conclusion

For the reasons stated above, I recommend that the Motion to Expunge be denied and that this action be dismissed because it fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2).[5]  Any objections to this Report and

---

[5] Title 28, Section 1915(e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof,

Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 16, 2010

---

    that may have been paid, the court shall dismiss the case at any time if the court determines that--
        (A) the allegation of poverty is untrue; or
        (B) the action or appeal--
            (i)  is frivolous or malicious;
            (ii) **fails to state a claim on which relief may be granted**; or
            (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

9